JON M. SANDS
Federal Public Defender
**ÁNGELES ELLIS**
Assistant Federal Public Defender
Puerto Rico Bar No. 20912
407 W. Congress St., Suite 501
Tucson, AZ  85701
Telephone: (520) 879-7500
*angeles_ellis@fd.org*
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br> Plaintiff <br><br> vs. <br><br> Amy Leann Howell, <br> Defendant. | CR24-00550-TUC-JAS (JR) <br><br> **DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER OF DETENTION (ECF 46)** <br><br> **(ORAL ARGUMENT REQUESTED)** |

Amy Howell appeals from the magistrate judge's order of detention (Ecf 46) and requests that the District Court Judge orders her released on conditions.

### I.      Relevant Facts

Ms. Howell was detained on February 23, 2024. (Ecf 7) Defense counsel asked for Ms. Howell to be screened for in-patient treatment.  She was found suitable for treatment and released on conditions on March 7th, 2024. (Ecf 13) A petition to revoke her pretrial release was filed on March 11th, 2024.  After admitting to the violation, she was again released on conditions. (Ecf 25) After being released, Ms. Howell completed her in-patient and outpatient treatment successfully; she remained sober for well over ten months and maintain employment.  She suffered a relapse in January of 2025 and out of fear of being placed in custody, she tampered with the urine analysis. (Ecf 40) On March 13th, 2025, Ms. Howell admitted to using controlled substances and tampering with the urine analysis. All other allegations were dismissed by the government.

1

Defense counsel requested to have her re-released to inpatient treatment, after she was found suitable for treatment at The Haven. (Ecf 45) However, despite having been found suitable for treatment, the Magistrate Judge denied the request reasoning that Ms. Howell was not ready to receive the treatment services again and that the services should be spent on other individuals rather who may need them. (Ecf 46) Ms. Howell appeals from this decision.

**II.    Law & Discussion**

A. Procedural aspects of the Bail Reform Act

A person ordered detained by a magistrate may move for revocation of the order with the District Court. 18 U.S.C. § 3145(b). Review is *de novo*. *United States v. Koening*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). "[T]he district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings" or "ultimate conclusion." *Id.*

The Bail Reform Act mandates release pending trial unless a judge determines that "no condition or combination of conditions will reasonably assure" the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(b), (e)(1). "**Only in rare cases should release be denied,** and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). This is simply not one of those rare cases that merit detention, that the law is referring to. The court should "bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225 at 7, as reprinted in 1984 U.S.C.CA.N. 3182, 3189); see *United States v. Salerno*, 481 U.S. 739, 755 (1987) (suggesting that "detention prior to trial or without trial is the carefully limited exception" to liberty before trial).

One charged with a crime is presumed innocent. *Stack v. Boyle*, 342 U.S. 1, 4 (1951). A single individual unnecessarily detained before trial is one individual too many, and the increasing use of the practice places tremendous wear on our constitutional system. *United States v. Montalvo-Murillo*, 495 U.S. 711, 723–24 (1990) (Stevens, J., dissenting, joined by Brennan and Marshall, JJ.). Due to the crucial interests involved, a "case-by-

case" approach is required at any stage of the case in assessing the propriety of pretrial detention. See *United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (discussing due process analysis for evaluating propriety of prolonged pretrial detention, and the interests at stake) (citations omitted), cert. dismissed sub nom., *Melendez-Carrion v. United States*, 479 U.S. 978 (1986).   The Government must prove by a preponderance of the evidence that *no conditions* will ameliorate any serious flight risk, or by clear and convincing evidence that no conditions will ameliorate any danger to the community.  *Id.* The defendant believes that the Government has not and cannot meet this burden here, despite the past pretrial violations. For defendant's struggling with addiction, a relapse is not evidence that the defendant will not appear in court.

If the judicial officer determines that the release on personal recognizance will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer "**shall order the pretrial release of the person**" subject to certain conditions. In fashioning the conditions, the court must consider certain factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the accused, including character, community and family ties, financial resources, and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. § 3142(g). The Court can fashion other conditions to make sure Ms. Howell does not violate her conditions (e.g., curfews, more drug testing, etc.)

1.  The Nature and Circumstances of the Offense

Ms. Howell is presumed innocent until proven otherwise.  On February 7th, 2024, Ms. Howell was charged in a two-count indictment for knowingly making false statements during the purchase of a firearm and knowing possession of an unregistered firearm. (Ecf 1) The defense is of the position that the government does not have enough evidence to show beyond a reasonable doubt that Ms. Howell (1) *knowingly* made a false statement on the ATF 4473 form when she bought a firearm in October 2022, and (2) *knowingly* had an unregistered firearm with a barrel of less than 16 inches in February 2023.

The Court should consider that the charges do not involve acts of violence. Ms. Howell intends to go to trial on her case. A status conference has been requested and set for this case. (Ecf 48)

2.  The Weight of the Evidence

Under the Bail Reform Act, the charges and evidence are given the least amount of weight in determining whether release is appropriate.  Nevertheless, even considering the charges and the evidence the government has, the defense believes that they are not able to meet their burden of beyond a reasonable doubt.  The Court should consider the following arguments.

As to the false statement count, Ms. Howell lacked the requisite *mens rea* at the time of the alleged offense.  Ms. Howell was homeless, living out of her car when she bought the firearm.  She was in a vulnerable situation, surrounded by individuals that threatened her physical safety. She bought a firearm for self-defense because she legitimately feared grave bodily harm.

While homeless, Ms. Howell received mail and occasionally stayed at her mother's house, so at the time of the purchase—considering that the form asks for a specific address—it made sense to put her mother's address rather than no address.  Doing so would let any interested party be able to reach her, like she indicated to the investigating ATF agent. She gave what she believed to be her address. The same address that appears on her driver's license. ATF reached her and setup a meeting with her.  To the extent that it was even a mistake for Ms. Howell to use her mother's address, the mistake was a reasonable one.

As for the second charge, while there is evidence that Ms. Howell had a weapon on February 15, 2023, the evidence does not show she knowingly possessed a rifle having a barrel of less than 16 inches in length, as required by 26 U.S.C. § 5845(a)(3). The Ninth Circuit Court Model Criminal Jury Instructions for charges under title 21 U.S.C. § 5861(d) require the government show that the defendant (1) knowingly possessed a firearm; (2) was aware that the firearm had the features that bring the firearm within the statute; and (3) had not registered the firearm with the NFRTR.   While Ms. Howell may have known that she

4

was in possession of a firearm, there is no evidence that she was aware of the specific features or characteristics that brought the firearm under the statute. The Border Patrol officer who seized the weapon had to use a ruler to determine the length of the weapon. This suggests that the length of the barrel wasn't obvious to the average observer. Ms. Howell was not questioned, nor did she express having any knowledge about the features of the weapon (i.e., a barrel of less than 16 inches). There is no evidence that she is an expert on weapons.

3. Ms. Howell's Criminal History and Characteristics of the Defendant

Ms. Howell went through an abusive marriage and separation, which led to drug addiction and homelessness.  Much of her criminal history consists of minor offenses.  It should stand out that her criminal history started late in her life—in her 30s, —unlike the average defendant who starts at a young age.  Although her pretrial release was revoked due to a relapse, she remained sober for ten months.  Before her relapse, she completed her inpatient treatment, she maintained employment, stayed sober, and worked towards improving her relationship with her children and mother.

4. The nature and seriousness of the danger to any person or the community that would be posed by a release

The Government has not alleged that Ms. Howell poses a danger to the community and/or safety of others.

5. More factors to consider: Ms. Howell is deeply remorseful of her actions and recognizes the need for more treatment

Ms. Howell is mindful that after the first time she was released, she violated her conditions of release by leaving the treatment facility.  However, after being given a second chance, she became determined to complete her treatment and obtain employment, and she did.  She was able for the first time in years to have a steady job and remain clean for an extended period.  She recognizes that when she relapsed, she should have been honest with her pretrial service officer about her struggle.  However, when she relapsed, she only felt shame and embarrassment.  She believed that her relapse meant that she failed in her journey to recovery, which then led to fear of getting placed back in custody.  She admitted

5

to tampering with the urine analysis test, precisely for that reason. She is deeply remorseful of her actions. Ms. Howell recognizes that she needs to go back to treatment for her to overcome her addiction. She prays that the District Court Judge will afford her that second opportunity.

III.    CONCLUSION

Ms. Howell respectfully requests that the Court reverse the Magistrate Judge's order of release and allow for her to be released to inpatient treatment.

///

**RESPECTFULLY SUBMITTED:**        March 28, 2025

JON M. SANDS
Federal Public Defender
*s/Ángeles Ellis*
**Ángeles Ellis**
Assistant Federal Public Defender