TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR24-00550-TUC-JAS (JR) |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER OF DETENTION |
| vs. | |
| Amy Leann Howell, | |
| Defendant. | (Doc. 51) |

Plaintiff, United States of America, by and through its undersigned attorneys, hereby files this response in opposition to the defendant's Appeal of Magistrate Judge's Order of Detention. (Doc. 51.) For the following reasons the appeal should be denied.

I.    **Factual and Procedural Background**

   *a. Offense Conduct and Indictment*

   Defendant Amy Leann Howell is charged in the Indictment with violations of 18 U.S.C. § 924(a)(1)(A), False Statement During Purchase of a Firearm, and 26 U.S.C. § 5841, 5845(a)(3), 5845(c), 5861(d), and 5871, Possession of Unregistered Firearm. (Doc. 1.) As alleged, the defendant used her mother's address to purchase a firearm, when she hadn't lived there in 10 years. On another date, the defendant possessed a short-barreled rifle while driving through a Border Patrol checkpoint. The defendant later admitted she was to be paid to transport the rifle, but had not looked at it closely. (*See generally* Doc. 1.)

/ / /

*b. Detention Proceedings*

On March 6, 2024, the defendant was ordered released the following day to the Haven for inpatient treatment. (Doc. 12; *see* Doc. 55, pg. 1.) On March 11, 2024, Pretrial Services filed a petition to revoke the defendant, as she had absconded from the Haven on March 9, 2024, just two days after her release. (Doc. 14; Doc. 16; *see* Doc. 55, pg. 1.) The defendant was thereafter ordered detained due to this violation, was subsequently ordered screened for treatment, and found to have violated her conditions of release. (Doc. 21; *see* Doc. 22; *see also* Doc. 55, pg. 1.) The defendant was rescreened at the Haven, was found suitable, and was ordered released to the Haven for inpatient treatment. (Doc. 22; Doc. 23; *see* Doc. 55, pg. 1.) Shortly thereafter, Pretrial Services again filed a petition to revoke, based on the defendant's continued non-compliance on February 5, 2025. (Doc. 38; Doc. 40; *see* Doc. 55, pg. 1.) The defendant was arrested, and on March 13, 2025, admitted to allegations E, F, and G, that is a positive test for the use of methamphetamine, tampering with the testing on another date, and again testing positive for methamphetamine, respectively, and her release was revoked. (Doc. 40; Doc. 46; *see* Doc. 55, pg. 1.) This appeal was filed on March 28, 2025, one day after the time to appeal. (Doc. 51.)

On On April 9, 2025, Pretrial Services filed their Supplemental Report No. 6 as to this defendant. (Doc. 55.) Pretrial Services noted the defendant minimized her substance abuse to the Haven, for instance stating she last used methamphetamine on February 5, 2025, but she had tested positive for methamphetamine on February 12, 2025. (Doc. 55, pg. 1-2.) Notably, she discarded a used drug paraphernalia pipe at the Pretrial Services office on February 12, 2025. (Doc. 55, pg. 2.) Of particular concern to Pretrial Services, and the government, the defendant has already completed inpatient treatment at the Haven, continues to be dishonest, is still using drugs, including apparently close in time to reporting to Pretrial Services, and utilizing synthetic urine in one instance to mask her use. (*Id.*, and *supra*.) Accoringly, Pretrial Services recommends detention, stating,

"Pretrial Services believes the defendant poses a risk of nonappearance and danger to the community based on her substance use history, previously

- 2 -

absconding from inpatient services, continued drug use while on supervision, dishonesty regarding her drug use, bringing paraphernalia into the courthouse, tampering with her urinalysis testing, mental health history, history of similar arrests, non-compliance with Court orders, and nature of the alleged instant offense. Moreover, Pretrial Services believes the previously imposed conditions of release are insufficient at this time to minimize the aforementioned risk factors and respectfully recommends the defendant continue to be detained.

(Doc. 55, pg. 2.)

For all the reasons stated by Pretrial Services, Judge Rateau's lawful and reasoned revocation of conditions, and the record before this Court, the defendant's appeal should be denied, and the defendant continue to be detained.

## II. Law and Argument

### A. The defendant cites no new information material to release conditions that would permit the reopening of the detention order.

The defendant has presented no evidence material to release conditions regarding dangerousness that would permit the reopening of the issue of detention.

A detention hearing may be reopened before or after the court's ruling on a detention motion, at any time before trial if the judicial officer makes a factual finding that information exists that was not previously known at the time of the hearing and that the information is material on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(f). Thus, the moving party must establish two essential elements before the issue of detention may be reopened: 1) that information now exists that was not known at the time of the initial hearing, and 2) the new information is material to release conditions regarding flight or dangerousness. *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989) (testimony of defendant's family and friends is not new evidence to warrant reopening of detention).

Here, the defendant appealed outside the time limits, and has presented no new information that was not known at the time of the initial hearing to justify reopening. The government would note that the defendant did not file a timely appeal albeit one day late. Additionally, the defendant has not presented any new information material to release

conditions regarding flight or dangerousness. Indeed, the information contained in the motion appears to be a rearguing of the same arguments made at the detention hearing. Therefore, no new information not known at the time of the initial hearing has been presented, nor new information material to release conditions regarding risk of flight, so as to qualify as a changed circumstance allowing for reopening detention, and the defendant's motion should be summarily denied.

B. <u>There is a substantial risk of nonappearance and danger to the community in this case and the defendant should not be released when taking into consideration the factors outlined in 18 U.S.C. § 3142(g).</u>

Should the Court reopen the hearing, there is still more than clear and convincing evidence that was presented to Judge Rateau at the hearing justifying detention. The Magistrate properly weighed the evidence presented, and the 18 U.S.C. §3142(g) factors weigh heavily in favor of detention.

1. *The nature and circumstances of the offense charged, including whether the offense involves a violent crime, and a controlled substance - 18 U.S.C. § 3142(g)(1); and the weight of the evidence against the person - 18 U.S.C. § 3142(g)(2)*

While the charge in this case is not a crime of violence, as defined under 18 U.S.C. § 3156(a)(4), the defendant's purchase of a firearm while lying on the form, and transporting an illegal firearm for financial gain, shows a clear disregard for the law, and the community. The evidence weighs heavily against the defendant, and the nature and circumstances of the offense, and her repeated violations on release, are so audacious and egregious, that the defendant should remain held as a flight risk.

2. *Employment - 18 U.S.C. § 3142(g)(3)(A)*

The defendant was homeless at the time of offense, and it is unclear if she remains employed after having been detained. Therefore, this factor weighs against the defendant, and should remain detained.

- 4 -

3. *Length of residence in the community and family/community ties - 18 U.S.C. § 3142(g)(3)(A)*

The defendant may live in Tucson, but her community support appears minimal, and has not stopped her from relapsing, hiding and downplaying said relapse, and taking affirmative steps to conceal her relapse from the very people who have spent an extraordinary amount of time and effort to help her. Accordingly, this factor also weighs heavily against the defendant.

4. *Person's Character and Past Conduct to Include Criminal History - 18 U.S.C. § 3142(g)(3)(A)*

The defendant's character, particularly while on release, is concerning. The defendant absconded, brought drug paraphernalia in the courthouse, and used synthetic urine to try to conceal her drug use. This indicates a failure to abide court orders, her actions demonstrate an unwillingness to submit to supervision, and is thusly a flight risk.

5. *Person's Past Conduct Related to Substance Abuse - 18 U.S.C. § 3142(g)(3)(A)*

The defendant has an extensive substance abuse history, as seen above. Her unwillingness to be honest with her problem is the most concerning, especially after having so many opportunities to do so with Pretrial Services. Accordingly, the defendant should remain held. (*Supra*.)

6. *The nature and seriousness of the danger to any person or the community that would be posed by the person's release - 18 U.S.C. § 3142(g)(4)*

While the defendant does not appear to be a danger to anyone but herself, as to risk of nonappearance, the defendant is accused of purchasing and possessing firearms unlawfully. This defendant has shown herself incapable of following the orders of the courts, with a history of failing to follow the very same orders of the Court, and should therefore remain held. *See United States v. Hir*, 517 F.3d 1081, 1093 (9th Cir. 2008) ("[T]he effectiveness of the proposed release conditions, or any conditions that might be imposed, necessarily depends on [the defendant's] good faith compliance" with those

conditions.).

**III. Conclusion**

The defendant has presented no new evidence, nor claimed that the Magistrate misapplied the law or facts regarding the finding of the defendant being a flight risk. Even if the defendant did make such a showing, the government has shown that individualized factors demonstrate that no condition or combination of conditions will reasonably ameliorate the flight risk that exists as to this defendant. The Court can and should rely on the Magistrate Court's finding, or find on its own that the evidence and record before the Court is compelling that the defendant should remain held.

There is a clear danger that the defendant will be a flight risk and will continue to violate orders of the Court. Therefore, the government respectfully requests this appeal be denied, and the defendant remain held.

Respectfully submitted this 11th day of April, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 11th day of April, 2025, to:

Ángeles Ellis, Esq.
Attorney for defendant